UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 PROCEEDING |
| | ) | |
| METTYZEE T. WASHINGTON, | ) | CASE NO. 22-01776 |
| | ) | |
| DEBTOR. | ) | HON. DONALD R CASSLING |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that on **April 19, 2022, at 9:30 a.m.**, I will appear before the Honorable Donald R. Cassling, or any judge sitting in that judge's place, and present the **United States Trustee's Motion to Examine Fees Of Glenda J. Gray Under 11 U.S.C. § 329(b) and For Other Relief**, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password**. The meeting ID for this hearing is 161 414 7941 and the password is 619. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

*/s/ Suhey Ramirez*
Suhey Ramirez, Attorney
OFFICE OF THE U.S. TRUSTEE
219 South Dearborn Street, Room 873
Chicago, Illinois 60604
(312) 353- 5014

## **CERTIFICATE OF SERVICE**

       I, Suhey Ramirez, an attorney, certify that I caused to be served copies of this notice, the attached motion, and proposed order on the ECF Registrants shown below *via* the Court's Electronic Notice for Registrants and *via* First Class US Mail by BMC Group on all other entities shown at the addresses listed below. A supplement to this Certificate of Service from BMC Group will be filed.

                                                    */s/ Suhey Ramirez*

**SERVICE LIST**

**Registrants Served Through the Court's Electronic Notice for Registrants:**

| | |
|---|---|
| Glenda J. Gray: | bfernandezggray@gmail.com, ladylawgray@gmail.com; r47187@notify.bestcase.com |
| Reed Heiligman: | reed@hzhlaw.com, csmith@fgllp.com; ecf.alert+Heiligman@titlexi.com |
| Patrick S. Layng: | USTPRegion11.ES.ECF@usdoj.gov |

**Parties Served via First Class Mail:**
**(served by BMC Group)**

Mettyzee T. Washington
1021 Great Plains Ave.
Matteson, IL 60443

Exeter Finance LLC, c/o AIS Portfolio Services, LP
4515 N Santa Fe Ave. Dept. APS
Oklahoma City, OK 73118

PRA Receivables Management, LLC
PO Box 41021
Norfolk, VA 23541

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 PROCEEDING |
| | ) | |
| METTYZEE T. WASHINGTON, | ) | CASE NO. 22-01776 |
| | ) | |
| DEBTOR. | ) | HON. DONALD R CASSLING |

**UNITED STATES TRUSTEE'S MOTION TO EXAMINE FEES OF
GLENDA J. GRAY UNDER 11 U.S.C. § 329(b) AND FOR OTHER RELIEF**

NOW COMES PATRICK S. LAYNG, the United States Trustee for the Northern District of Illinois (the "U.S. Trustee"), by his attorney, Suhey Ramirez, and asks this Court, pursuant to 11 U.S.C. § 329 and Fed. R. Bankr. P. 2017, to examine the fees paid to attorney Glenda J. Gray ("Attorney Gray") in connection with this case and for other relief. In support of his request, the U.S. Trustee respectfully states the following:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding concerning the administration of the estate pursuant to 28 U.S.C. § 157(b)(2)(A) which this Court may hear and determine pursuant to IOP 15(a) and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2. Movant is the U.S. Trustee for the Northern District of Illinois and is charged with supervising the administration of bankruptcy cases under 28 U.S.C. § 586(a)(3). The U.S. Trustee has standing to bring this Motion under 11 U.S.C. § 307.

**BACKGROUND**

3. On February 16, 2022, (the "Petition Date"), Mettyzee T. Washington (the "Debtor"), represented by Attorney Gray, filed a voluntary Petition for relief under Chapter 7 of the Bankruptcy Code, together with the schedules, statements and Disclosure of Compensation

1

required by Rule 2016(b) (the "2016 Disclosure") (collectively, the "Required Documents See Dkt. 1.

4. Reed Heiligman (the "Trustee") was appointed as the Chapter 7 Trustee in the Bankruptcy Case.

5. The Debtor indicated on the Statement of Financial Affairs (the "SOFA"), Part 7, Line 16, that he paid Attorney Gray $1,162.00, in connection to the legal services provided in this case. *See Dkt. 1,* pg. 40.

6. Consistent with the information on the SOFA, Attorney Gray indicated on the 2016 Disclosure, that she received $1,162.00, in connection to the Bankruptcy Case. *See Id.* at pg. 51.

7. The 2016 Disclosure did not include a copy of the written fee agreement that was required to be filed with the Disclosure of Compensation pursuant to Local Rule 2016-1. *Id*.

8. On March 8, 2022, and again on March 15, 2022, the U.S. Trustee's Office sent emails to Attorney Gray regarding this deficiency (the "U.S. Trustee's Inquiry"). As of the date hereof, Attorney Gray has not responded to the U.S. Trustee's Inquiry and the deficiency has not been remedied.

## RELIEF REQUESTED

9. In light of Attorney Gray's failure to file a written fee agreement with the 2016 Disclosure as required by Local Rule 2016-1, the Court should order an examination of the fees paid to Attorney Gray pursuant to Section 329(b) and Rule 2017(a) and (b) of the Federal Rules of Bankruptcy Procedure.

10. Local Rule 2016-1 provides that, "every agreement between a debtor and an attorney for the debtor that pertains, directly or indirectly, to the compensation paid or given, or to be paid or given, to or for the benefit of the attorney must be in the form of a written document

2

signed by the debtor and the attorney." *See* Local Rule 2016-1. Furthermore, Local Rule 2016-1 provides that, "each such agreement must be attached to the statement that must be filed under Fed. R. Bankr. P. 2016(b) ("Rule 2016") in all bankruptcy cases. *Id*.

11.  Rule 2016 requires every attorney for a debtor to file and transmit to the United States trustee within 14 days after the order for relief, or at another time as the court may direct, the statement required by § 329 of the Bankruptcy Code including whether the attorney has shared or agreed to share the compensation with any other entity.

12.  Section 329(a) provides that, any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation. *See* 11 U.S.C. § 329(a).[1]

13.  Section 329(b) of the Bankruptcy Code and Rule 2017(a) and (b) authorize this Court to examine the fees paid to an attorney in connection with a bankruptcy case and provide that, to the extent the amounts paid exceed the reasonable value of the services rendered, this Court can cancel any agreement between the debtor and counsel and order the return of any excessive payment. *See* 11 U.S.C. § 329(b) and *See* FRBP 2017(a)and(b).

14.  Courts have agreed that because proper disclosure under 11 U.S.C. § 329 and Bankruptcy Rule 2016(b) is "central to the integrity of the bankruptcy process," failure to disclose is sanctionable, and such sanctions may include total disgorgement of fees paid. *In re Andreas*, 373 B.R. 864, 872 (Bankr. N.D.Ill. 2007).

---

[1] The U.S. Trustee reserves his right to move under 11 U.S.C. § 329(a) upon further discovery.

15.     Here, Attorney Gray failed to file her written fee agreement in violation of Local Rule 2016-1. The U.S. Trustee reached out to Attorney Gray on two separate occasions, however Attorney Gray has not remedied this deficiency. To-date, Attorney Gray has failed to respond to the U.S. Trustee's Inquiry and has failed to file the written fee agreement required.

16.     Under the circumstances of this case, the U.S. Trustee believes it is appropriate for the Court to examine the reasonableness of the fees the Debtor paid to Attorney Gray as Attorney Gray has not complied with Local Rule 2016-1. The U.S. Trustee also believes that Attorney Gray should be required to promptly file her written fee agreement with the Debtor with the Court.

WHEREFORE, the U.S. Trustee respectfully asks the Court to enter an order scheduling hearing to (1) examine the fees paid to Attorney Gray in this case under 11 U.S.C. § 329; (2) directing Attorney Gray to appear at that hearing; (3) ordering Attorney Gray to file with this Court her written fee agreement with the Debtor within seven days; and (4) and granting any other relief the Court deems just.

RESPECTFULLY SUBMITTED:

PATRICK S. LAYNG
UNITED STATES TRUSTEE

Dated:   April 11, 2022

By:/s/ *Suhey Ramirez*
Suhey Ramirez, Trial Attorney
OFFICE OF THE U.S. TRUSTEE
219 S. Dearborn, Room 873
Chicago, Illinois 60604
(312) 353-5014